UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO: 3:05-CV-330-TBR

CARY A. THALE                                                                                          PLAINTIFF

v.

COLLECTOR IMPORTS, LLC                                                                  DEFENDANTS
AND CARLA YATES-BREMER

**MEMORANDUM OPINION**

This matter is before the Court upon Defendants' Motion for Partial Summary Judgment (Docket #33). The Plaintiff has responded (Docket #35) and Defendants have replied (Docket #39). The Court jointly considers Plaintiff's Motion for Summary Judgment (Docket #42). Defendants have responded (Docket #46) and the Plaintiff has replied (Docket #50). The Court also considers Defendants's surreply (Docket #51). This matter is ripe for adjudication. For the following reasons, the Defendants' Motion for Partial Summary Judgement is **DENIED** and Plaintiff's Motion for Summary Judgment is **DENIED**.

**BACKGROUND**

This matter arises out of a failed business relationship between the Plaintiff, Cary A. Thale ("Thale"), and Defendants, Carla Yates-Bremer ("Bremer") and Collector Imports, LLC. Thale lives in Louisville, Kentucky and Bremer in Oak Hill, Virginia, near Washington, D.C. Thale and Bremer met and became friends when their children attended school together in South Africa. Both share an interest in African antiques and art.

In late 2003, Bremer approached Thale about going into business together. Bremer is the founder and co-owner of Collector Imports, LLC, a Virginia limited liability company that imports antique automobiles and other collectibles from South Africa. On three occasions in

2003, Bremer traveled to Louisville to visit and discuss business opportunities with Thale. During that time she left several pieces of glassware with Thale. There was some discussion of Thale becoming a member of Collector Imports, but Bremer was ultimately unsatisfied with the contractual terms and no agreement was ever formally reached.

In January 2004, Thale and Bremer traveled together to a trade show in Atlanta, Georgia for the purpose of acquiring inventory to sell. They also traveled together to Africa in March 2004 and August 2004 for this same purpose. In May 2004, they traveled to Arizona and bought seven sculptures from an African artist. In October 2004, Thale and Bremer attended the New York Textile show with their hired consultant, Susan Inglis. Thale financed many of these business "explorations" with a personal home equity line of credit, contributing in total more than $100,000.

The proposed concept of Thale and Bremer's business was to sell wholesale African art, linens, and collectibles. Merchandise was to be sold over the Internet, with a retail shop located in Louisville, Kentucky. Initially, Thale contributed $15,000 in cash to the business relationship. Bremer contributed certain inventory, which is purported to amount to less than $15,000 in value. Both women believed they would share equal interest in the business and any profits that may result.

No formal partnership agreement was ever executed between the parties. However, Thale and Bremer held themselves out to the public in email and telephone communications as partners. Their dealings operated under several different names, including One World Trading Co., Collector Imports, and CC Hill. On April 15, 2005, a Distributorship Agreement was entered between Aldona Interiors CC and One World Training Company to distribute Aldona

2

Linen, a high-end African linen. At some point a consulting relationship with Susan Inglis of From the Mountain was formed. Inglis's job was to help identity how and to whom to market the linens from Aldona. One World Trading Co. maintained a bank account with Stock Yards Bank. Both Thale and Bremer were signatories to the account, although Thale supplied all the money contained within it.

On October 29, 2004, Bremer, along with her husband and son, traveled to Louisville to sign a store lease agreement and deliver inventory purchased by Bremer prior to her dealings with Thale. However, the store lease agreement fell through. Thale kept the inventory in Louisville so that it could be sold at the store upon its opening. Bremer and her husband returned to Virginia, while Bremer's son remained in Louisville for three weeks to help set up the store. Ultimately, a lease agreement was signed solely by Thale.

In November 2004, Thale decided that she was making most of the investments regarding her and Bremer's prospective business venture, performing all the work associated with the Louisville retail store, and receiving no assurances that a business relationship between her and Bremer would ever formalize. On November 16, 2004, Thale closed the bank account at Stock Yards Bank without informing Bremer. On November 19, 2004, Thale formed CC Hill, Ltd., a Kentucy corporation with its principal place of business in Louisville, Kentucky. On November 23, 2004, shortly after Bremer's son returned from helping to set up the store, Bremer received an email from Thale expressing Thale's desire to end their business relationship. Bremer maintains that at no time prior was it suggested to her by Thale that their business dealings should end.

Thale operated a retail shop in Louisville, selling African art and collectibles, from November

26, 2004 until June 30, 2008.  The retail store was not profitable and is now closed.

On June 8, 2005, Thale filed a complaint with this Court, seeking (1) a declaratory judgment resolving whether or not a legally-recognized business relationship was ever formed between Thale and Bremer, and (2) reimbursement of $5,700.00 for the unjust enrichment Bremer allegedly enjoyed when Thale financed the cost of shipping and transporting from Africa to the United States several of Bremer's personal belongings, including an antique mini-Cooper automobile, linen pajamas, linen sheets, and a mosaic bowl.  In her answer, Bremer asserted multiple counterclaims against Thale, including: (1) the existence of a partnership between Bremer and Thale pursuant to Kentucky law; (2) demand for a full and complete accounting of all partnership assets and liabilities; (3) Thale's breach of her fiduciary duty due to expropriation of partnership opportunities, misuse of partnership property, withholding of partnership benefits, and failure to render full information to Bremer; (4) Thale's breach of the covenant of good faith and fair dealing; and (5), in the alternative, conversion for the inventory belonging to Bremer.

Before the Court are Bremer's Motion for Partial Summary Judgment and Thale's Motion for Summary Judgment.  In her Motion for Partial Summary Judgment, Bremer argues that a legal partnership existed between Bremer and Thale, beginning around January 1, 2004 and ending on November 22, 2004 via Thale's email communication.  In her Motion for Summary Judgment, Thale, for purposes of this motion only, agrees that she entered into a "partnership" with Bremer.  She further argues that summary judgment should be entered in her favor because (1) Bremer has suffered no damages; (2) Thale has accounted for all partnership assets and liabilities; (3) Thale has not breached her fiduciary duty; and (4) Thale has not breached the covenant of good faith and fair dealing.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**ANALYSIS**

I.     Partnership

Kentucky has adopted the Uniform Partnership Act. Under Kentucky law, "the association of two (2) or more persons to carry on as co-owners a business for profit forms a

partnership, whether or not the persons intend to form a partnership." KY. REV. STAT. §362.1-202(1). In determining whether a partnership exists, the following rules apply:

>1. Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.
>
>2. The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived.
>
>3. A person who receives a share of the profits of a business is presumed to be a partner in the business. This presumption does not arise if the profits were received in payment of a debt, for services as an independent contractor or of wages or other compensation to an employee, of rent, of an annuity or other retirement or health benefit to a beneficiary of a deceased or retired partner, of interest on a loan, or rights to income derived from the collateral, or for the sale of the goodwill of a business or other property.

KY. REV. STAT. §362.180.

Under Kentucky law, there appears to be no particular test by which the existence of a partnership is to be determined. Instead, each case is assessed individually given the totality of the facts and circumstances. *See, e.g., Roethke v. Sanger*, 68 S.W.3d 352, 359-60 (Ky. 2001) (no partnership existed where parties did not share profits and were not co-owners of any property); *Smith v. Kelley, et. al.*, 465 S.W.2d 39 (Ky. Ct. App. 1971) (no partnership existed where the

party made no contribution to the assets of the partnership, took no part in the management, and did not sign any notes, despite being held out to the public as a partner).

Bremer contends that, although she and Thale never signed a written partnership agreement, their actions nonetheless conferred legal partnership status upon them. Specifically, Bremer points to the fact that (1) she and Thale carried out their business for profit, even if no profit was ever obtained; (2) she and Thale shared in the control and management of the business; (3) she and Thale intended to share the profits in equal amount; (4) she and Thale held themselves out to the public as partners; and (5) she and Thale made equal capital contributions to the business. In response, Thale contends that genuine issues of material fact exist regarding whether she and Bremer made equal capital contributions to the business and whether Bremer truly ever intended for Thale to be her equal partner.

Kentucky case law clearly contemplates that the issue of whether a partnership exists is a question of fact to be determined by a jury. *See, e.g.*, *Caudill v. Finley Bros*, 4 S.W.2d 368 (Ky. Ct. App. 1928) (issue of partnership should be submitted to jury); *Headley et. al. v. Rice et. al.*, 96 S.W. 903, 904 (Ky. Ct. App. 1906) ("Whether a partnership existed or not is a question of fact to be determined on all the proof."). Here, the issue of whether or not a partnership existed between Thale and Bremer is itself a genuine issue of material fact and therefore it not appropriate for resolution upon a motion for summary judgment. Accordingly, the Court denies Bremer's Motion for Partial Summary Judgment.

II.     Accounting

In her Motion for Summary Judgment, Thale contends that she has provided Bremer with balance sheets, profit and loss statements, sales and use tax worksheets, inventories, and local,

7

state, and federal tax returns relating to the operations of CC Hill.  Therefore, as a matter of law, she has complied with her duty to provide Bremer with formal accounting information.  In response, Bremer correctly points out that, under Kentucky law, a partner is entitled to "a formal account as to partnership affairs: (1) If he is wrongfully excluded from the partnership business or possession of its property by his co-partners; (2) If the right exists under the terms of any agreement; (3) As provided by KRS 362.250; [or] (4) Whenever other circumstances render it just and reasonable."  KY. REV. STAT. §362.255.  Bremer then argues that no formal accounting has taken place because Thale has offered only handwritten, piecemeal documents that contain various bookkeeping and inventory errors.

However, Thale only has a duty to provide formal accounting information to Bremer under Kentucky law if a legally-recognized partnership exists between the two women.  Because the Court finds that the issue of whether a partnership existed between the women must be properly submitted to the jury, the Court is unable to determine the corollary issue of whether Thale has met her accounting obligation.

III.     Breach of Fiduciary Duty & Breach of Covenant of Good Faith & Fair Dealing

Whether or not Thale has breached her fiduciary duty by expropriating partnership opportunities, misusing partnership property, withholding partnership benefits, or failing to render information to Bremer will depend upon whether or not a partnership existed between Thale and Bremer.  Were a jury to determine that no partnership existed, then certainly Thale could not have breached her fiduciary duty since none would be owed to Bremer.

Accordingly, the Court is unable at this time to consider the issue of whether or not Thale breached her fiduciary duty.  The same reasoning applies to the issue of whether Thale breached

the covenant of good faith and fair dealing.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Partial Summary Judgment is **DENIED** and Plaintiff's Motion for Summary Judgment is **DENIED**.

An appropriate order shall issue.